**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.M.M., A MINOR | : | No. 403 EAL 2021 |
| | : | |
| | : | |
| PETITION OF: V.M., MOTHER | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Order** of the |
| | : | Superior Court at No. 1014 EDA |
| | : | 2021 entered on August 9, 2021, |
| | : | **quashing** the Order of the |
| | : | Philadelphia County Court of |
| | : | Common Pleas at Nos. CP-51-AP- |
| | : | 0000264-2020 and CP-51-DP- |
| | : | 0002011-2017 entered on April 23, |
| | : | 2021 |

## ORDER

**PER CURIAM**

**AND NOW**, this 8th day of February, 2022, the Petition for Allowance of Appeal is **GRANTED**. The order of the Superior Court is **VACATED**, and the matter is **REMANDED** to that court for reconsideration in light of *Commonwealth v. Young*, ___ A.3d ____, ___, 2021 WL 6062566 at *11 (Pa. Dec. 22, 2021) ("Rule 341 requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, Rule 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate.").

Jurisdiction is **RELINQUISHED**.